**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Gant and Betty Gant, Husband and Wife, <br><br>　　　　Plaintiffs, <br><br>vs. <br><br>Roger Vanderpool, Sheriff of Pinal County; et al., <br><br>　　　　Defendants. | No. CV 03-2077-PHX-EHC <br><br>**ORDER** |

　　　　On September 14, 2010, Plaintiff Robert Gant ("Plaintiff"), now proceeding pro se, filed a "Motion to Reconsider Jury Verdict Due to Discovery of New Evidence Which Was Withheld From Plaintiff" (Doc. 219). Defendants have filed a Response (Doc. 221) and Plaintiff has filed a Reply (Doc. 223).

　　　　Plaintiff alleged race, age and hostile work environment discrimination and retaliation by the Pinal County Sheriff's Office regarding his failure to receive a promotion in 2001 and 2004 (Doc. 100). A Jury Trial commenced on October 18, 2006 and was concluded on November 3, 2006 (Doc. 129-150). On November 3, 2006, a Jury returned its Verdict finding against Plaintiff and in favor of Defendants on Plaintiff's claims for age discrimination, race discrimination, hostile work environment, and intentional infliction of emotional distress (Doc. 157-158). Judgment was entered on November 8, 2006 (Doc. 159). Plaintiff's post-trial motions were denied (Doc. 204, 205, 206). The Final Judgment on

1  Plaintiff's post-trial motions was entered on April 2, 2008 (Doc. 206).  Plaintiffs appealed
2  from this Final Judgment (Doc. 207).  The Court of Appeals for the Ninth Circuit affirmed
3  (Doc. 215).  The Mandate issued on January 28, 2010 (Doc. 215).

4  Plaintiff was represented by counsel at trial (Doc. 100 & 173) and on appeal (Doc.
5  207).  Plaintiff's counsel was allowed to withdraw on September 24, 2010 (Doc. 220 & 222).

6  In support of his present Motion to Reconsider, Plaintiff refers to a fact-finding
7  investigation or survey conducted by the Arizona Attorney General's Office that addressed
8  racial discrimination in the Pinal County Sheriff's Office.  Plaintiff alleges that the survey
9  was completed prior to trial and that Defendants were given a copy in 2003 but refused to
10 provide a copy to Plaintiff because the findings proved systemic discrimination in the Pinal
11 County Sheriff's Office.  Plaintiff further argues that Defendants testified during trial that
12 they had no knowledge of the survey and that there was no discrimination in the Pinal
13 County Sheriff's Office when in fact, the survey was completed January 28, 2003 and the
14 Attorney General's Investigators made recommendations to the Sheriff and Pinal County
15 Human Resources Department.  Plaintiff argues that Defendants made untrue statements
16 resulting in a denial of due process. Plaintiff has submitted a copy of the alleged survey (Doc.
17 219 - Exhibit A), noting that it is dated "1/27/2010" which Plaintiff appears to contend shows
18 an "altered" document.

19 Defendants argue in response that Plaintiff's Motion to Reconsider is untimely under
20 Rule 60(b)(2), Fed.R.Civ.P., that the Attorney General's survey is not "newly discovered"
21 because it was disclosed by Plaintiff during discovery approximately a year before trial, and
22 that the survey was discussed during trial, citing to witnesses' trial testimony.  Defendants
23 further argue that the Attorney General objected to producing the survey (claiming attorney-
24 client privilege and work product) and that although Plaintiff's counsel was aware of the
25 survey, counsel chose not to pursue the issue.  Defendants argue lack of due diligence.
26 Defendants contend that the survey would not have produced a different result because the
27 evidence showed that Plaintiff was not promoted because he was not qualified.

28

A party moving for relief from judgment under Rule 60(b), Federal Rules of Civil Procedure, is entitled to relief for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment.

American Ironworks & Erectors Inc. v. North American Construction Corp., 248 F.3d 892, 899 (9th Cir. 2001).

Rule 60(b)(2) provides for relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Under Rule 60(b)(2), the moving party must show that the evidence (1) did not exist at the time of trial; (2) could not have been discovered through due diligence, and (3) was of a magnitude that earlier production would have likely changed the disposition of the case. Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987). A motion based on Rule 60(b)(2) must be made "no more than a year after the entry of the judgment or order ..." Fed.R.Civ.P. 60(c).

The Judgment on the Jury Verdict was entered on November 8, 2006 (Doc. 159). The Final Judgment on Plaintiff's post-trial motions was entered on April 2, 2008 (Doc. 206). Plaintiff filed the pending Motion to Reconsider on September 14, 2010 (Doc. 219), more than one year after these dates. Plaintiff's motion based on newly discovered evidence under Rule 60(b)(2) is untimely.

Even if the Court considers Plaintiff's arguments relating to the Attorney General's survey of the Pinal County Sheriff's Office, no relief is warranted. Plaintiff's counsel was aware of the survey well before trial (see Doc. 221 - Defendant's Response - Exhibit A [Plaintiff's Sixth Supplemental Disclosure (signed by Plaintiff's counsel) dated December 14, 2005 identifying as a potential witness an employee of the Arizona Attorney General's Office who would be called upon to testify regarding an investigation conducted by the State

- 3 -

1  Attorney General into allegations of discrimination, the results of the investigation,
2  interviews she and others conducted pursuant to the investigation, correspondence the
3  Attorney General's Office had with Defendants and persons employed by Defendants,
4  including Plaintiff]). Defense counsel pursued the matter by noticing the deposition of this
5  witness but withdrew the deposition notice when the Attorney General's office objected
6  (Doc. 221- Exhibits B, C & D).

7  Defense counsel mentioned during opening statement of the trial proceedings that the
8  Sheriff of Pinal County asked the Attorney General's Office to review the employment
9  practices of the Pinal County Sheriff's Office and that an audit was started but not completed
10 (Doc. 221- Exhibit E at 15-16; see Doc. 173 - Trial Transcript [Tr.] Vol. I at 15-16). Roger
11 Vanderpool, Sheriff of Pinal County, testified at trial that he asked the Civil Rights Division
12 of the Attorney General's Office to conduct an employment audit of the Sheriff's Office
13 (Doc. 221 - Exhibit G at 494-497; see Doc. 176 - Tr. Vol. IV at 494-497).  Sheriff
14 Vanderpool testified at trial that he asked for the report from the Attorney General's Office
15 but the report was not provided (Doc. 221 - Exhibit G at 496-497; see  Doc. 176 - Tr. Vol.
16 IV at 494-497).  Alan Miles, a witness for Plaintiff, testified at trial that he was interviewed
17 as part of a survey (Doc. 221 - Exhibit F at 130-132; see Doc. 174 - Tr. Vol. II at 130-132).
18 Plaintiff has not shown that the survey or investigation was not known at the time of trial or
19 could not have been discovered through the exercise of due diligence. Plaintiff has not shown
20 that a witness made false statements at trial.

21 Rule 60(b)(6) provides for relief based on "any other reason that justifies relief." Rule
22 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and only
23 where extraordinary circumstances prevented a party from taking timely action to prevent
24 or correct an erroneous judgment. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). A
25 motion under Rule 60(b)(6) must be made "within a reasonable time" after entry of the
26 judgment or order. Plaintiff has not presented "extraordinary circumstances" so as to warrant
27 setting aside the Jury's Verdict.

28

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion to Reconsider Jury Verdict Due to Discovery of New Evidence Which Was Withheld From Plaintiff" (Doc. 219) is denied.

DATED this 3rd day of January, 2011.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge